UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America ex rel. | ) | |
|---|---|---|
| IGNACIO ALVAREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 08 C 6375 |
| v. | ) | |
| | ) | |
| TERRY MCCANN, | ) | |
| | ) | Wayne R. Andersen |
| Respondent. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of respondent Terry McCann to dismiss the petition for writ of habeas corpus filed by petitioner Ignacio Alvarez. For the reasons set forth below, the motion to dismiss is granted and this case is terminated.

## BACKGROUND

Petitioner Ignacio Alvarez ("Alvarez") is currently incarcerated at the Stateville Correctional Center in Joliet, Illinois. Following a 2001 jury trial in the Circuit Court of Cook County, Alvarez was convicted of first degree murder and attempted first degree murder. Rule 23 Order at 1, *People v. Alvarez*, No. 1-01-3900 (Ill. App. 2003). Alvarez was then sentenced to concurrent terms of thirty-eight years and twenty years imprisonment for the two offenses. *Id.* Alvarez filed an appeal to the Illinois Appellate Court, which affirmed his conviction and sentence on August 27, 2003. *Id.* at 29. Alvarez did not file an affidavit of intent to file a petition for leave to appeal (PLA) to the Illinois Supreme Court or a PLA to the Illinois Supreme Court. *See* Letter from Clerk of Illinois Supreme Court (Mot., Exh B).

On June 23, 2005, Alvarez filed a petition for post-conviction relief in the Circuit Court

of Cook County pursuant to 725 ILCS 5/122-1. *See* Postconviction Petition, *People v. Alvarez*, No. 00 CR 7014. The petition was summarily dismissed on August 26, 2005. Order Dismissing Postconviction Petition, *People v. Alvarez*, No. 00 CR 7014. The Illinois Appellate Court affirmed the denial of Alvarez's post-conviction petition on March 13, 2007. Rule 23 Order, *People v. Alvarez*, No. 1-05-3349 (Ill. App. 2007). Alvarez then filed a PLA in the Illinois Supreme Court, which the Court denied on March 26, 2008. Order Denying PLA, *People v. Alvarez*, No. 104536 (Ill. 2008).

On October 31, 2008, Alvarez filed a Section 2254 petition for a writ of habeas corpus in this court alleging that he received ineffective assistance of counsel due to his trial counsel's failure to: (1) investigate potential witnesses that could have proven Alvarez's innocence; and (2) provide a proper defense by presenting the testimony of certain witnesses, specifically Irving Depaz. On February 24, 2009, respondent filed a motion to dismiss Alvarez's petition as untimely. We now turn to that motion.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner seeking habeas corpus relief to file a petition within one year after the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In Illinois, the judgment of a court of review is final on the day in which the decision is entered. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002) (citing *PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563 (1981)).

Respondent argues that Alvarez's petition for a writ of habeas corpus is time-barred by the one year statute of limitations found in the AEDPA. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the statute of limitations period begins at the occurrence of one of four events:

(A) the date on which the judgment becomes final by conclusion of direct review or the expiration of the time for seeking review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date in which the factual predicate of the claim or claims presented could have been discovered through the exercise due diligence.

*Id*. The AEDPA also contains a tolling provision which states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection." 28 U.S.C. § 2244(d)(2).

## **DISCUSSION**

The first issue related to the timeliness of Alvarez's petition is the date from which the limitations period began to run. Alvarez does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. Therefore, the date on which Alvarez's conviction became final is the date that began the limitations period. 28 U.S.C. § 2244(d)(1)(A)-(D). The judgment in Alvarez's case became final 21 days after August 27, 2003, the date upon which the Illinois Appellate Court affirmed Alvarez's convictions and sentences, because that is the date upon which his time to file a PLA or an affidavit of intent to file a PLA in the Illinois Supreme Court expired. *See* Ill. S. Ct. R. 315(b)(2003)(the rule in effect at the time gave parties 21 days to appeal, but has since been amended to allow 35 days); *see also Graham v. Chandler*, No. 07-2080, 2007 U.S. Dist. LEXIS 76667, at *3 (C.D. Ill. Oct. 16, 2007); *Hughes v. McCann*, 521 F. Supp. 2d 750, 753 (N.D. Ill.

2007); *Tate v. Pierson*, 177 F. Supp. 2d 792, 797 (N.D. Ill. 2001). Accordingly, Alvarez's judgment became final on September 17, 2003 and he was required to file his habeas petition before this court on or before September 17, 2004.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations period is tolled during the pendency of a properly filed application for state postconviction relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). However, Alvarez did not file a postconviction petition in the state court until June 23, 2005. Therefore, Alvarez's state court postconviction petition is irrelevant for statute of limitations purposes because it was filed after the statute of limitations period expired. No application for collateral review in the state court was pending between September 17, 2003 and September 17, 2004 and Alvarez's petition was not filed until more than nine months *after* September 17, 2004. Therefore, the entire one-year statute of limitations period ran unabated. *See Teas v. Endicott*, 494 F.3d 580, 582-23 (7th Cir. 2007)(when the statute of limitations expired under 28 U.S.C. § 2244(d)(1)(A) prior to the filing of a § 2254 petition, no collateral review was pending in the state court, and therefore the tolling provision of §2244(d)(2) does not apply to make the petition timely); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000); *Martin v. Kingston*, No. 04 C 46, 2006 U.S. Dist. LEXIS 35842, at *6 (E.D. Wis. May 31, 2006)("The one-year period of limitations cannot be tolled by the *later* filing of a motion or petition seeking collateral relief" because there is nothing to toll.)(emphasis added). Accordingly, Alvarez's petition must be dismissed as untimely unless we determine that the statute of limitations should be equitably tolled.

Under the doctrine of equitable tolling, a court may toll the statute of limitations period to

2007); *Tate v. Pierson*, 177 F. Supp. 2d 792, 797 (N.D. Ill. 2001). Accordingly, Alvarez's judgment became final on September 17, 2003 and he was required to file his habeas petition before this court on or before September 17, 2004.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations period is tolled during the pendency of a properly filed application for state postconviction relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). However, Alvarez did not file a postconviction petition in the state court until June 23, 2005. Therefore, Alvarez's state court postconviction petition is irrelevant for statute of limitations purposes because it was filed after the statute of limitations period expired. No application for collateral review in the state court was pending between September 17, 2003 and September 17, 2004 and Alvarez's petition was not filed until more than nine months *after* September 17, 2004. Therefore, the entire one-year statute of limitations period ran unabated. *See Teas v. Endicott*, 494 F.3d 580, 582-23 (7th Cir. 2007)(when the statute of limitations expired under 28 U.S.C. § 2244(d)(1)(A) prior to the filing of a § 2254 petition, no collateral review was pending in the state court, and therefore the tolling provision of §2244(d)(2) does not apply to make the petition timely); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000); *Martin v. Kingston*, No. 04 C 46, 2006 U.S. Dist. LEXIS 35842, at *6 (E.D. Wis. May 31, 2006)("The one-year period of limitations cannot be tolled by the *later* filing of a motion or petition seeking collateral relief" because there is nothing to toll.)(emphasis added). Accordingly, Alvarez's petition must be dismissed as untimely unless we determine that the statute of limitations should be equitably tolled.

Under the doctrine of equitable tolling, a court may toll the statute of limitations period to

benefit an otherwise untimely litigant. However, in order to trigger equitable tolling, Alvarez must demonstrate that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances prevented the timely filing of the petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Escamilla,* 426 F.3d at 872. The threshold to trigger equitable tolling is very high, and a claim of excusable neglect or a run-of-the-mill claim of ignorance is not sufficient to invoke equitable tolling of the limitations period. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999)(citing *United States ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1039 (N.D. Ill. 1998)). Rather, Alvarez must demonstrate that "extraordinary circumstances outside of [his] control prevent[ed] timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 6572, 576 (7th Cir. 2007).

To date, neither the Supreme Court or the Seventh Circuit have identified any factual circumstances that would justify equitable tolling of the AEDPA's statute of limitations. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)(citations omitted). Accordingly, in light of the limited circumstances under which equitable tolling is permitted, Alvarez is not entitled to toll the limitations period in this case. First, Alvarez has made no showing that he has been diligently pursuing his rights. He failed to file a PLA on direct appeal and allowed well over one year to lapse after his conviction became final before pursuing state postconviction relief. Second, Alvarez has alleged no extraordinary circumstances that prevented him from timely filing. Even if equitable tolling is allowed, the burden of proof is on the petitioner to establish that he is entitled to equitable tolling, and Alvarez has not even mentioned equitable tolling, let alone set forth circumstances that might warrant such tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Therefore, we find that Alvarez is not entitled to equitable tolling.

5

**CONCLUSION**

Alvarez's petition for writ of habeas corpus is time barred by 28 U.S.C. § 2244(d), and he has not presented any rationale for tolling the statute of limitations period. Accordingly, for the foregoing reasons, respondent's motion to dismiss the petition [13] is granted. Additionally, we believe that Alvarez has not made a substantial showing of the denial of a constitutional right. We believe there to be no issues which are debatable among jurists of reason and could possibly indicate the denial of a constitutional right. Therefore, we decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: June 9, 2009